IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| GARY LEE ENZLER,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 15-02-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On January 9, 2015, Petitioner Gary Lee Enzler submitted to this Court a preprinted form document titled "Petition for Writ of Habeas Corpus." The handwriting in the document is frequently illegible. The preprinted caption indicates that Enzler intended to file in Montana's First Judicial District Court. Consequently, the Clerk of Court sent a letter to Enzler, asking Enzler to clarify his intention and enclosing the Court's standard forms for filing a habeas petition and a motion to proceed in forma pauperis. On January 22, 2015, Enzler returned the Clerk's letter to the Court with handwritten notations asking that the document be forwarded to Enzler's counsel and asking the Court to contact his counsel. Returned Clerk Letter (Doc. 3). On February 12, 2015, Enzler filed a motion asking the Court to stay his federal petition. Mot. to Stay (Doc. 4).

1

A federal petition for writ of habeas corpus is available for the purpose of challenging the lawfulness of a state prisoner's custody. 28 U.S.C. § 2254(a). The Court is able to read only a few words here and there in Enzler's handwritten submissions. No legally cognizable claim on which relief might be granted is contained in those words. The Court does not contact counsel to request clarification and is not a mailing service for prisoners seeking to contact their counsel.

In addition, the records of the First Judicial District Court show that a motion to withdraw Enzler's guilty plea is pending in state court.[1] Enzler is represented by counsel in that action.

For three reasons, therefore, Enzler's federal petition should be dismissed at this time. First, Enzler has asked the Court to "pause" or "hold" the case, clearly indicating that he does not wish to go forward at this time. Mot. to Stay (Doc. 4) at 1. Second, as Enzler has not alleged any comprehensible federal claim for relief, there is nothing for the Court to "pause" or "hold" and, for that matter, nothing on which to proceed. Third, Enzler has neither paid the filing fee nor sought leave to proceed in forma pauperis. 28 U.S.C. § 1914(a).

Dismissal at this time will not prejudice Enzler. He may file a federal

---

[1] A court may take judicial notice of a state court's records that are directly related to a federal habeas petition, *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011), and "not subject to reasonable dispute," Fed. R. Evid. 201(b).

petition when he can make a comprehensible claim for relief and when the remedies available to him in state court have been exhausted as to at least one claim. *See generally Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000); *Rhines v. Weber*, 544 U.S. 269, 278 (2005); *Rose v. Lundy*, 455 U.S. 509, 520 (1982) (providing a "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.").

The action should be dismissed without prejudice. A certificate of appealability should be denied. As no comprehensible claim is before the Court, Enzler necessarily fails to make a substantial showing that he has been deprived of a constitutional right. 28 U.S.C. § 2253(c)(2).

Based on the foregoing, the Court enters the following:

**ORDER**

The Clerk shall attach to the Findings and Recommendation the First Judicial District Court's case register report, provided on February 13, 2015.

The Court also enters the following:

**RECOMMENDATION**

1. The action should be **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of Court should be directed to enter by separate document a

judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Enzler may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Enzler must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 18th day of February, 2015.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[2]  As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.